517 So.2d 471 (1987)
SUCCESSION OF Mattie Gill HOOVER.
No. CA 86 1508.
Court of Appeal of Louisiana, First Circuit.
December 22, 1987.
*472 Brenda Ricks, Amite, for plaintiff petitioner Bobby Gill.
Leonard Yokum, Jr., Hammond, for defendants Ellen Gill Page and Charles Gates.
Before WATKINS, CARTER and FOIL, JJ.
FOIL, Judge.
This is a succession proceeding. Plaintiff/appellant, Bobby Gill, administrator of his mother's succession and a forced heir, filed a petition for collation against his sister, defendant/appellee, Ellen Gill Page. The petitioner alleges that Ellen received an advantage (as a forced heir) of her succession share through the sale of immovable property. The petitioner claims that the sale of a certain five acre tract by the decedent, Mrs. Mattie Corniga Gill Hoover, to her daughter Ellen was in fact a disguised donation inter vivos.
The district court determined that the sale was made for a fair and valid price which did not constitute a disguised donation and that there was, therefore, no collation due by Ellen to her mother's estate.
Appellant contends that the trial court erred in its finding. He argues that the transfer of the five acres to Ellen Gill Page was a donation in disguise and that the property should have been returned to the estate of Mrs. Hoover. Appellee answered the appeal claiming damages for harassment in the filing of a frivolous claim.
La.Civ.Code art. 2444 allows forced heirs to demand collation if the transfer of immovable property has been a disguised donation. It provides as follows:
The sales of immovable property made by parents to their children, may be attacked by the forced heirs, as containing a donation in disguise, if the latter can prove that no price has been paid, or that the price was below one-fourth of the real value of the immovable sold, at the time of the sale.
On February 17, 1977, a cash deed was executed transferring a certain five acre tract of land from Mattie Corniga to Ellen Gill Page for the sum of five thousand ($5,000.00) dollars. Ellen testified that she paid the sum of five thousand dollars to *473 her mother in one hundred dollar bills in the notary's office. Appellant contends that the sum was not paid for the property but offers no proof to substantiate his claim.
La.Civ.Code art. 1848 provides appellant with the opportunity to introduce evidence of simulation since it lists simulation as one of the exceptions to the testimonial evidence rule. Article 1848 states:
Testimonial or other evidence may not be admitted to negate or vary the contents of an authentic act or an act under private signature. Nevertheless, in the interest of justice, that evidence may be admitted to prove such circumstances as a vice of consent, or a simulation, or to prove that the written act was modified by a subsequent and valid oral agreement.
Appellant has failed to take advantage of the above cited provision. He has produced no evidence to prove that the $5,000.00 was not paid by Ellen to her mother for the tract of land in question. We therefore affirm the trial court's finding that the sum was paid for the property and that there was a valid sale and not a donation in disguise.
La.Civ.Code art. 2444 also allows a forced heir to demand collation if the price paid by a child to a parent for immovable property was below one-fourth of the real value of the immovable at the time of the sale.
The trial court found that $5,000.00 in cash was paid for the land in question and that there was an additional agreement whereby part of the consideration was for the defendant to provide additional services and care for her mother for the rest of her life. The trial court found as a fact that the defendant did nurse and care for her mother until her death. The trial court also found that the defendant provided $4,000.00 of the $5,000.00 costs of burial expenses and a headstone for her mother.
The plaintiff offered as proof the testimony of an expert witness who placed a total value of $22,890.00 on the property as of the date it was sold to the defendant. If the property was actually worth that much, then one-fourth of that would be $5,722.50. Therefore, if the agreement for services was not a valid one, then the property must be collated.
Services rendered for the care of an older person may constitute consideration for a transfer of property. See Russell v. Culpepper, 337 So.2d 226 (La.App.3d Cir. 1976), aff'd, 344 So.2d 1372 (La.1977). La. Civ.Code art. 1848, cited above, allows this to be shown by evidence outside of the written act of sale.
In this case, the trial court found that there was a valid oral agreement between the defendant and her mother to provide for the care of the mother for the rest of her life. The trial court also found that this care was worth an amount such that no collation was due the mother's succession. This court holds that the oral agreement was legally valid, and we find no manifest error in the trial court's admission of such evidence to prove the agreement's existence. Therefore, the consideration paid was greater than one-fourth of the value of the property and collation was not due by Ellen Page to her mother's succession.
In the answer to the original petition for collation, the appellee reconvened for damages. She claimed that this action for collation was a frivolous one and that she should be awarded damages for harassment. The trial judge denied this claim, and appellee reurges it on appeal.
The record indicates that the appellant was duly appointed as administrator of his mother's succession. He is also a forced heir. He had the capacity and the right to bring an action for collation, even though he was not able to prevail. Based upon the entire record, we find no manifest error in the trial judge's denying the reconventional demand.
For the foregoing reasons, the judgment of the trial court is affirmed at appellant's costs.
AFFIRMED.